[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13246
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20837-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DONNELL PERKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

A jury convicted Anthony Perkins of making false statements intended to

deceive a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6), and the district court sentenced him to prison for 24 months. He now appeals his conviction. He seeks the vacation of his conviction and the entry of a judgment of acquittal on the ground that the evidence was insufficient to convict; alternatively, he seeks a new trial on the ground that the district court abused its discretion under Federal Rule of Evidence 403 by admitting into evidence the fact that he had violated a domestic restraining order three weeks before committing the charged § 922(a)(6) offense. We affirm.

## I.

We review *de novo* whether the evidence was sufficient to support the jury's verdict. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009). We resolve any conflicts in favor of the Government, draw all reasonable inferences that tend to support the prosecution's case, and assume that the jury made all credibility choices in support of the verdict. *Id.* Evidence is sufficient to support a conviction if "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* (quotation omitted). When a motion for judgment of acquittal is renewed at the close of all the evidence, we examine the evidence presented by both the prosecution and the defense. *United States v. Khanani*, 502 F.3d 1281, 1293 (11th Cir. 2007).

2

In relevant part, 18 U.S.C. § 922(a)(6) states:

[I]t shall be unlawful . . . for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

To sustain a conviction under § 922(a)(6), the prosecution must prove beyond a reasonable doubt that:

(1) the defendant knowingly made; (2) a false or fictitious written statement in connection with the purchase of firearms; (3) intended to deceive or likely to deceive a licensed firearms dealer; (4) and the false statement was a fact material to the lawfulness of the sale or disposition of the firearm.

*United States v. Ortiz*, 318 F.3d 1030, 1036 (11th Cir. 2003).

Perkins does not dispute that he falsely represented on ATF form 4473 that he had not been convicted of a felony and that he was not subject to a domestic restraining order. Further, he does not contend that his misrepresentations were not material to the lawfulness of the firearm purchase. It was not unreasonable for the jury therefore to find that his inaccurate responses on the ATF form 4473 questionnaire were deliberately provided in his effort to effect a firearm purchase.

The Government's witnesses presented evidence that Perkins filled out the form himself and accurately entered his personal information into the appropriately

3

labeled sections. Further testimony demonstrated that he apologized to the store employee for alleging that the employee directed Perkins's responses. Although Perkins's wife testified that he was a poor reader (the inference being that Perkins did not comprehend the questions ATF form 4473 asked of him), her testimony was inconsistent and arguably biased. Finally, Perkins himself did not explicitly testify that he was unable to understand the questions, but merely that he did not read the contents of ATF form 4473.

It was not unreasonable for the jury to disregard Ms. Perkins's testimony in favor of the Government's evidence. Likewise, the jury was free to discredit Perkins's testimony and draw the adverse conclusion that he knowingly provided false information in an attempt to obtain a gun. *See United States v. McDowell*, 250 F.3d 1354, 1367 (11th Cir. 2001) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt.") (quotation omitted). The jury could reasonably have found that, because Perkins entered correct and appropriate information into the other sections of the form without assistance, he comprehended its questions and knowingly misrepresented his criminal past in an attempt to effect his gun purchase. This is especially true considering evidence of his determination to own a gun and his ardent belief that he should be able to possess one. Even assuming

that Perkins was a poor reader, the jury could also have reasonably found that he comprehended the formal inquiry about his felony conviction and domestic injunction, taken in light of the Government's evidence that he understood the nature of the restraining order and that he was subject to its terms.

Although he has presented a hypothesis of innocence, Perkins has not demonstrated that no reasonable jury could have found the evidence to establish his guilt beyond a reasonable doubt. *See Maxwell*, 579 F.3d at 1299. It was not unreasonable for the jury to conclude that Perkins was aware of his prior felony convictions and the restraining order, understood the questions on ATF form 4473, and knowingly provided false responses in an effort to purchase a gun. In sum, the evidence was more than adequate to convict.

## II.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009), *petition for cert. filed*, (U.S. Nov. 25, 2009) (No. 09-7833). Relevant evidence is generally admissible. Fed. R. Evid. 402. According to Rule 403, however, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence."  The exclusion of relevant evidence under Rule 403 is "an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility."  *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003).  In reviewing issues under Rule 403, we examine the evidence in the light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.  *Id.*

The indictment alleged that in addition to making a false statement regarding his status as a convicted felon, Perkins falsely stated that he was not subject to a court order restraining him from harassing, stalking, or threatening an intimate partner, i.e., his wife.  At trial, Perkins stipulated that "On March 12th, 2007, [he] was subject to a court order restraining him from harassing, stalking, or threatening his intimate partner, Kimberly Perkins," and that when he completed the ATF form 4473, he knew that he was subject to such order.  The evidence Perkins says the court should have excluded was the testimony of Officer Felix of the Miami Dade County Police Department, a prosecution witness, that three weeks before committing the charged § 922(a)(6) offense, he arrested Perkins for violating the restraining order by contacting his wife.  Perkins objected to Felix's testimony on the ground that it was unduly prejudicial and unnecessary—given the fact that he had already stipulated that he was under the restraining order.

6

We find no abuse of discretion in the admission of this testimony.  The evidence was relevant to Perkins's knowledge and intent in framing his answers to the questions put to him by the ATF form.  The Government was entitled to prove this knowledge and intent notwithstanding Perkins's stipulation that he was under the restraining order.

III.

For the foregoing reasons, Perkins's conviction is

AFFIRMED.